# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JOSEPH M. GIARRATANO,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06CV00004 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **GENE JOHNSON, DIRECTOR** | ) | By: James P. Jones |
| **OF THE VIRGINIA DEPARTMENT** | ) | Chief United States District Judge |
| **OF CORRECTIONS, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Rebecca Glenberg, American Civil Liberties Union of Virginia Foundation, Inc., Richmond, Virginia, Steven D. Rosenfield, Charlottesville, Virginia, and R. Frazier Solsberry, Charlottesville, Virginia, for Plaintiff; Mark R. Davis, Senior Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants.*

In this action arising under 42 U.S.C.A. § 1983 (West 2003), the issue is whether the statutory exclusion of prisoners from making requests for public records under the Virginia Freedom of Information Act ("VFOIA") is constitutional. I find the prisoner exclusion provision of the VFOIA constitutional on its face and as applied to the plaintiff's request for public documents. Accordingly, I will grant the defendants' Motion to Dismiss.

# I

Joseph M. Giarratano, an inmate in the custody of the Virginia Department of Corrections ("VDOC"), raises facial and as-applied challenges to the VFOIA under the Equal Protection and Due Process clauses of the Fourteenth Amendment and under the First Amendment. The defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

In accord with familiar principles, in determining the Motion to Dismiss I will accept as true the allegations of the Complaint.

In 1996 the plaintiff was diagnosed with chronic hepatitis C, a blood borne, infectious, viral disease. He informally requested from the medical department at Red Onion State Prison copies at his expense of the prison treatment protocols for inmates with hepatitis C. The plaintiff alleges that he requested the materials to make informed decisions regarding his health and to aid in any litigation arising from VDOC's treatment of his condition. The plaintiff believes that the requested materials would be helpful in evaluating whether he has a viable claim under the Eighth Amendment for the manner in which VDOC has treated his illness during his incarceration. The informal request was denied by prison officials.

Following the initial denial, the plaintiff filed a formal request under VFOIA seeking the same information previously requested. In part, the VFOIA gives citizens

the right of ready access to all public records held by the State and its officers and employees. *See* Va. Code Ann. §§ 2.2-3700 through 3704 (2005).

The State may deny access to a public record only by invoking one of the narrowly drawn exemptions enumerated by the statute. However, section 2.2-3703 (C) excludes all persons incarcerated in any state, local, or federal correctional facility from enjoying any of the rights afforded under VFOIA to make requests for public records.[1] Accordingly, VDOC officials again refused to provide the requested materials, even though under VFOIA such materials would otherwise be available to persons who were not incarcerated. The plaintiff next filed a grievance with defendant Tracy S. Ray, warden of Red Onion State Prison, requesting access to the treatment protocols for inmates with hepatitis C. After the grievance was denied on

---

[1] The prisoner exclusion provision to the VFOIA reads as follows:

No provision of this chapter or Chapter 21 (§ 30-178 et seq.) of Title 30 shall be construed to afford any rights to any person incarcerated in a state, local or federal correctional facility, whether or not such facility is (i) located in the Commonwealth or (ii) operated pursuant to the Corrections Private Management Act (§ 53.1-261 et seq.). However, this subsection shall not be construed to prevent an incarcerated person from exercising his constitutionally protected rights, including, but not limited to, his rights to call for evidence in his favor in a criminal prosecution.

Va. Code Ann. § 2.2-3703(C).

June 30, 2005, the plaintiff initiated the present suit in this court against the director of VDOC and the warden..

The Motion to Dismiss has been fully briefed and argued and is ripe for decision.

II

At this stage of the proceedings, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting the allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The plaintiff makes a facial challenge and as-applied challenges to the prisoner exclusion provision of the VFOIA. A facial challenge attacks the constitutionality of the statute in all situations while an as-applied challenge consists of a challenge to the statute's application only to the party before the court. *See Fisher v. King*, 232 F.3d 391, 395 n.4 (4th Cir. 2000).

-4-

## A. THE FACIAL CHALLENGE.

The plaintiff contends that the exclusion of prisoners from accessing public records under VFOIA violates the Fourteenth Amendment's guarantee of equal protection.

The exclusion is presumptively valid. "Laws are presumed to be constitutional under the equal protection clause for the simple reason that classification is the very essence of the art of legislation." *Moss v. Clark*, 886 F.2d 686, 689 (4th Cir. 1989) (citation omitted). The challenged classification need only be rationally related to a legitimate state interest unless it violates a fundamental right or is drawn upon a suspect classification such as race, religion, or gender. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

"Prisoners are not a suspect class." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997). Nor is the status of incarceration an immutable characteristic. *Moss*, 886 F.2d at 690. Therefore, the VFOIA prisoner exclusion must be reviewed under the rational basis standard.

Under this deferential standard, the plaintiff holds the burden of disproving the existence of every conceivable basis which might support the legislation. *Mitchell v. Comm'r of the Soc. Sec. Admin.*, 182 F.3d 272, 274 (4th Cir. 1999). I find that the plaintiff cannot meet this burden because there are a variety of rational reasons for

excluding prisoners from access to public records under VFOIA.[2] In passing this exclusion, the Virginia General Assembly could have believed that inmates are intrinsically prone to abuse the VFOIA request provisions and that such frivolous requests would unduly burden state resources.

The plaintiff asserts that this court must determine whether in fact prisoners are prone to filing frivolous VFOIA requests and that he be given a chance to prove prisoners do not make frivolous requests at a higher rate than members of the general public. This assertion confuses the level of deference due to the legislature in this instance. Under rational basis review, the State has no obligation to produce evidence to support the rationality of the statute and may rely entirely on rational speculation unsupported by any evidence or empirical data. *See FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993). Furthermore, the legislature is not required to articulate

---

[2] Although the legislative history of the VFOIA prisoner exclusion is sparse, that is not unusual with state legislation, because of the absence of verbatim reports of debates and floor statements. *See* William N. Eskridge, Jr., et al., *Legislative and Statutory Interpretation* 297 (2000). While I do not rely upon them in my decision in this case, press reports at the time indicated the purpose of the legislation was to eliminate the growing number of frivolous requests being filed by inmates. The prisoner exclusion amendment to VFOIA was sponsored in 1997 by Sen. Charles R. Hawkins, R-Pittsylvania. In commenting on the purpose of the legislation, Sen. Hawkins "said inmates are clogging the system with frivolous FOI requests designed to annoy state workers and burden the system with paper work." *Bill to Ban Handguns in City Park Advances*, Rich. Times Dispatch, Feb 18, 1997 at A6. Sen. Hawkins also stated that "[t]here is a real need to do something about requests coming out of our jails and prisons. If we do not address this problem, what is now a stream will turn into a river." Ruth S. Intress, *Senate Passes Bill To Limit Inmates' FOI Use*, Rich. Times Dispatch, Jan. 21, 1997 at A-10.

-6-

any purpose or rationale in support of its legislation. *See Nordlinger v. Hahn*, 505 U.S. 1, 15 (1992).

The proper question is whether the legislature could have conceivably believed that the exclusion of prisoners from making VFOIA requests would eliminate frivolous and burdensome VFOIA requests and not whether this court could determine that the exclusion of prisoners in fact accomplishes that purpose. "[E]qual protection [analysis] is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Beach Commc'ns, Inc.*, 508 U.S. at 313. Therefore, contrary to the plaintiff's assertions, I need not determine whether in fact prisoners are more prone to abuse VFOIA.

The Virginia General Assembly could have reasonably believed excluding prisoners from accessing public records would conserve state resources and prevent frivolous requests. As such, the prisoner exclusion provision of VFOIA survives rational basis review.

There are other reasons why the legislature may have believed it rational to exclude prisoners from the ability to access public records under VFOIA. The legislature could have thought that inmates have less of a need to access public records because their confinement greatly limits the amount of contact they have with state government. "[C]ertain privileges and rights must necessarily be limited in the

prison context." *Johnson v. California*, 543 U.S. 499, 510 (2005) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)) ("'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)).[3]

The status of incarceration inevitably restricts prisoners in a variety of ways in comparison with the general public, including the interaction they have with most state agencies and departments. Therefore, it is rational to restrict their access to public records to correspond with their reduced need for such information.

Because the plaintiff has failed to allege any set of facts that would indicate the classification at issue violates any fundamental rights, is irrational, or otherwise fails to serve a legitimate state interest, his equal protection claim must fail.

---

[3] Although the plaintiff was convicted in 1979 and the VFOIA prisoner exclusion provision was not enacted until 1997, section 2.2-3703(C) is not in violation of the Ex Post Facto Clause of the Constitution. The Ex Post Facto Clause forbids "the application of any new punitive measure to a crime already consummated." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 505 (1995). An additional restriction placed on a prisoner after the date of his conviction does not constitute ex post facto punishment so long as it was the intention of the legislature to "enact a regulatory scheme that is civil and nonpunitive." *Smith v. Doe*, 538 U.S. 84, 92 (2003). "The *Ex Post Facto* Clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with good prison administration, safety and efficiency." *Jones v. Murray*, 962 F.2d 302, 309 (4th Cir. 1992).

Case 2:06-cv-00004-JPJ-PMS   Document 22   Filed 10/16/06   Page 8 of 12   Pageid#: 83

## B. THE AS-APPLIED CHALLENGES.

The plaintiff also contends that even if the prisoner exclusion is constitutional on its face, as applied to his specific request for the VDOC hepatitis C treatment protocols the exclusion violates the Equal Protection Clause. The plaintiff believes that because he has not filed a frivolous request for information or used a request to harass a government official there is no rational basis for refusing his request for the hepatitis C treatment protocols. Even assuming the request at issue is not frivolous or motivated by an inappropriate purpose, the prisoner exclusion provision does not deny equal protection to the plaintiff because it precludes access to the hepatitis C treatment protocols he seeks. This legislation is nonetheless valid even though there may be an imperfect fit between means and ends in some instances. *Heller v. Doe*, 509 U.S. 312, 321 (1993).

"[A] State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Dandridge v. Williams*, 397 U.S. 471, 485 (1970) (quoting *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78 (1911)).

The plaintiff also contends that as applied to him the VFOIA prisoner exclusion violates his right of access to the courts under the First Amendment and the Due Process Clause of the Fourteenth Amendment.[4] The Supreme Court has long recognized the right of access to courts by prisoners. *See, e.g.*, *Bounds v. Smith*, 430 U.S. 817, 821(1977).

The plaintiff alleges that his right of access has been infringed by the denial of his request for VDOC's treatment protocols for hepatis C. Without such information, he believes he cannot adequately determine whether he has a colorable claim under the Eighth Amendment for the manner in which his hepatis C has been treated by VDOC.

The right of access to court does not extend as far as the plaintiff claims. The tools the State is required to provide to ensure access to courts "are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating

---

[4] The Supreme Court has indicated the right of access to the courts sounds in both the First Amendment and the Due Process Clause of the Fourteenth Amendment. *See Bill Johnson's Restaurants, Inc v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."); *see also Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) ( "The right of access to the courts . . . is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights.").

-10-

capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996).

Here, the plaintiff seeks an expansion of that right to include the ability to discover grievances. However, the Supreme Court has specifically disclaimed any notion that the right of access requires the State to "enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 354. The right of access affords only "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. There is no indication that the prison officials have in any way obstructed the ability of the plaintiff to file a suit alleging the treatment he has received for hepatitis C falls short of what is required under the Eighth Amendment. In the instant case, neither the Due Process Clause nor the First Amendment compel the State to give the plaintiff unfettered access to the public documents which he seeks simply because he wishes to evaluate whether he has a viable claim.

The plaintiff fails to allege any facts that would indicate his right of access to the courts has been obstructed by VDOC. Therefore, the prisoner exclusion provision of VFOIA is constitutional as applied to the plaintiff's specific request for public documents.

-11-

III

For the foregoing reasons, the defendants' Motion to Dismiss will be granted.

A separate final order will be entered.

           DATED: October 16, 2006

           /s/ JAMES P. JONES
           Chief United States District Judge